Filed at 12:18 PM
12/09, 2008
[signature] Causton
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PURSER TRUCK SALES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| v. ) | No. 5:07-CV-15(CAR) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Furthermore, the fact that a government entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to

make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Any person, including a corporation, who is engaged in a trade or business, and who in the course of such trade or business receives more than $10,000 in cash in one transaction (or two or more related transactions), is required to file return with the Internal Revenue Service that reports each such transaction.

The return that must be filed for cash transactions that exceed $10,000 is called a Form 8300, Report of Cash Payments Over $10,000 Received in a Trade or Business. A Form 8300 is due within 15 days of the transaction, and must contain the name, address, and tax identification number (*i.e.*, social security number) of the person from whom the cash was received, the amount of cash received, and the date and nature of the transaction, as well as other information provided for on the Form.

A car dealership is a "trade or business" that is required to file a Form 8300 after receiving over $10,000 in cash in connection with the sale of a car, truck or other vehicle.

For purposes of this case, "cash" is defined as the (A) coin or currency of the United States, and (B) a cashier's check (by whatever name called, including "treasurer's check" and "bank check"), bank draft, traveler's check, or money order having a face amount of not more than $10,000 that is received in a retail transaction such as the vehicle purchases at issue here.

Thus, if an individual purchases a car from an automobile dealer for $11,000, and pays the entire amount in U.S. dollars, the dealer must file a Form 8300 within 15 days of the receipt of this payment. Likewise, if an individual purchases a car from an automobile dealer for $13,200, and pays $6,200 in U.S. dollars and provides a cashier's check in the face amount of $7,000, the dealer must file a Form 8300 within 15 days of the receipt of these payments, because it received more than $10,000 in "cash" with respect to the transaction.

For purposes of determining whether a corporation must file a Form 8300, a single transaction includes the initial payment and subsequent payments made within one year of the initial payment until the aggregate amount exceeds $10,000. If the combination of the initial cash payment and any subsequent cash payments, when aggregated, exceeds $10,000, the corporation must file a Form 8300 within fifteen days of the receipt of the last payment.

In addition to filing a Form 8300 with the Internal Revenue Service, any person or corporation which, in the course of its trade or business, receives more than $10,000 in cash in one transaction (or two or more related transactions), is required to notify the customer that it filed the form no later than January 31 of the year following the calendar year in which the cash is received. This notification is referred to as a payee statement. The payee statement need not follow a particular format, but must contain the name, address and phone number of the person required to file the Form 8300 and the aggregate amount of cash reported on the return.

Generally, if a person or corporation required to file a Form 8300 fails to file the form in a timely manner, then that person or corporation is liable for a penalty of $50 for each Form 8300 that was not filed.

If, however, if a person or corporation's failure to file a Form 8300 was due to the "intentional disregard" of the filing requirement, the corporation is liable for a penalty equal to the greater of:

(i)     $25,000, or

(ii)    the amount of cash received in the transaction (or related transactions).

Generally, if a person or corporation required to provide a payee statement fails to provide such a statement, that person or corporation is liable for a penalty of $50 for each statement that was not provided.

If, however, a person or corporation's failure to provide a payee statement was due to the "intentional disregard" of the reporting requirement, then the corporation is liable for a penalty equal to the greater of:

(i)     $100, or

(ii)     10 percent of the amount of cash received in the transaction (or related transactions) that was required to be reported.

A corporation's failure to file a Form 8300 or provide a payee statement is due to "intentional disregard" if it is "knowing" and "willful." The term willful means "voluntary," rather than "accidental" or "unconscious." It is not necessary that the corporation have a fraudulent or bad motive or design.

Whether a failure to file a Form 8300 or provide a payee statement is knowing or willful is determined on the basis of all the facts and circumstances in the particular case. Relevant factors to be considered include, but are not limited to

    (i)    whether the failure to file timely is part of a pattern of conduct by the person who filed the return of repeatedly failing to file timely;

    (ii)    whether the correction was promptly made upon discovery of the failure;

    (iii)    whether the filer corrects a failure to file within 30 days after the date of any written request from the Internal Revenue Service to file; and

    (iv)    whether the amount of the information reporting penalties is less than the cost of complying with the requirement to file timely.

No penalty shall be imposed for any failure to file the Form 8300 or any failure to provide a payee statement, if it is shown that the failure to file is due to reasonable cause and not willful neglect. To establish reasonable cause, Purser Truck Sales must prove: (1) that significant mitigating factors excuse its failure to file; or (2) its failure to file or provide the required forms arose from events beyond its control. In addition to these facts, Purser Truck Sales must prove by a preponderance of the evidence that it acted in a responsible manner both before and after the failure occurred. Thus, if Purser Truck Sales establishes there are significant mitigating factors for its failure to file the required Forms 8300, or that such failure was due to events beyond its control, but is unable to demonstrate it acted in a responsible manner, the mitigating factors or impediment will be insufficient to obtain a waiver of the penalty.

Acting in a responsible manner means that Purser Truck Sales satisfied the standard of care that a reasonably prudent person, acting on behalf of the corporation, would use under the circumstances in the course of its business, and that the corporation undertook significant steps to avoid or mitigate the failure.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.

[*Explain verdict form*]

You will take the verdict form to the jury room. When you have reached unanimous agreement you will have your foreperson fill in the verdict form and date it, and each remaining juror will then sign the verdict form. After the verdict form has been filled in, dated, and signed, you will then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the *court security officer*, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.